UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY T. COLLIN, : |
|    Plaintiff, : |
| : |
| v. : No. 3:16-cv-1390 (SRU) |
| : |
| STATE OF CONNECTICUT : |
| JUDICIAL BRANCH, et al., : |
|    Defendants. : |

**INITIAL REVIEW ORDER**

Henry T. Collin, currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 against the State of Connecticut Judicial Branch, Judge Christine Keller, Assistant State's Attorney Russell C. Zentner, Attorney William Henry Paetzold and Attorney Jeffrey Kestenband.  For the reasons set forth below, the complaint is dismissed with leave to amend.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Collin alleges that, on July 12, 2010, officers falsely arrested him. Collin provided exculpatory evidence to Attorney Paetzold to support his innocence with regard to the crimes for which he was arrested. Collin claims that the evidence showed that Steven Pelletier was the individual who committed the crimes. Collin asserts that the attorneys who represented him were ineffective, the assistant state's attorney engaged in prosecutorial misconduct, and the judge who presided at trial was inexperienced. At the conclusion of the trial, a jury found Collin guilty of multiple counts of sexual assault in the second degree and risk of injury to a minor. *See State v. Collin*, 154 Conn. App. 102, 109 (2014), *cert. denied*, 315 Conn. 924 (2015). On September 17, 2012, a judge sentenced Collin to a total effective sentence of twenty years of imprisonment, execution suspended after eight years and ten years of probation.[1] *See id.* For relief, Collin seeks monetary damages.

## I.     Connecticut Judicial Branch

Collin names the Judicial District of Middlesex within the State of Connecticut Judicial Branch as a defendant. To state a claim under section 1983, Collin must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected

---

[1] Information regarding the plaintiff's criminal case may be found at: http://www.jud.ct.gov/jud2.htm under Criminal/Motor Vehicle Case Look-up; Convictions: Search by Docket Number using MMX-CR10-0191508-T.

right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).

There are no specific facts asserted with regard to the Judicial Branch of Connecticut or the Judicial District of Middlesex.  Thus, Collin has not alleged that either entity violated his federally or constitutionally protected rights.  Furthermore, there are no facts to suggest that the Connecticut Judicial Branch or the Judicial District of Fairfield is a person for purposes of section 1983.  *See Zuckerman v. Appellate Division*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that, state court, as part of judicial arm of the state, is not a person within meaning of section 1983).  Accordingly, all claims against the State of Connecticut Judicial Branch - Judicial District of Middlesex are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

## II.     False Arrest

Collin claims that officers falsely arrested him on July 12, 2010.  The Fourth Amendment's protections include the right to be free from arrests without probable cause.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  "Claims for false arrest . . . , brought under [Section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest . . . under state law."  *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (citations omitted).  In a section 1983 action, the elements of a claim for false arrest are controlled by state law.  *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004).

 Connecticut law defines false arrest or false imprisonment as "the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (internal quotation marks and citation omitted), *cert. denied*, 522 U.S. 818 (2007).

---

(Last visited on October 18, 2016).                            3

Under both Connecticut law and section 1983, a plaintiff must allege that the prosecution terminated in his or her favor to state a claim of false arrest. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992) (holding district court did not err in granting summary judgment on false arrest claim because "the Court [has] expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 sounding in false imprisonment and false arrest'")).

A jury convicted Collin of sexual assault and risk of injury to a minor stemming from his arrest on July 12, 2010. *See Collin*, 154 Conn. App. at 109. Collin does not allege that his conviction has been overturned or vacated. Because the criminal matter did not terminate in Collin's favor, as a matter of law, Collin cannot prevail on a claim of false arrest[2] and those claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### III. Judicial Immunity

Collin names Judge Christine Keller, who presided over his state criminal case, as a defendant. It is well-established that judges are immune from damages for civil liability for acts taken in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citations and internal quotation marks omitted), *cert. denied*, 514 U.S. 1102 (1995). Judicial immunity is

---

[2] Collin's false arrest claims are also time-barred. The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Any claim for false arrest accrued on the date of the plaintiff's arraignment on criminal charges. *See Wallace v. Kato*, 549 U.S. 384, 388–90 (2007) (statute of limitations for a claim of false arrest, a "species" of false imprisonment, begins to run when the false imprisonment ends and the victim is held pursuant to legal process) (emphasis omitted). Plaintiff's arraignment must have occurred at some point prior to his conviction in 2012. The plaintiff filed this action in 2016. Thus, it is apparent that the false arrest claims are barred by the three-year statute of limitations for

overcome in only two situations.  A judge is not immune from suit for actions not taken in his judicial capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted).

Presiding over a criminal trial is a judicial act within the jurisdiction of a state court judge.  I conclude that neither exception to judicial immunity is applicable.  Because Judge Keller is protected from suit by the doctrine of judicial immunity, the claims against her are dismissed.  *See* 28 U.S.C. § 1915A(b)(2).

**IV.    Prosecutorial Immunity**

Collin names Assistant State's Attorney Russell Zentner, who prosecuted his state criminal case, as a defendant.  He claims that Attorney Zentner engaged in prosecutorial misconduct during his trial.

A prosecutor is protected by absolute immunity from a section 1983 action for prosecutorial acts such as: determining which offenses and which defendants to charge, initiating a prosecution, evaluating and organizing evidence to be presented at trial or a grand jury, presenting evidence and witness testimony at trial and "for virtually all acts, regardless of motivation, associated with his function as an advocate."  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).  In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process."  *Id.* at 430-31.

Collin claims that Assistant State's Attorney Zentner engaged in misconduct during the trial and that fabricated statements and evidence were offered against him.  These allegations are

filing a section 1983 action.                              5

closely associated with conducting and presenting evidence at trial.  *See Imbler*, 424 U.S. at 430-31(granting prosecutor's absolute immunity for their conduct "in presenting the state's case," including permitting an expert to give false testimony, suppressing important evidence, and introducing a misleading artist's sketch into evidence); *Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009)  (noting that prosecutor's decision not to disclose exculpatory evidence or information to counsel for the defendant is entitled to absolute immunity because "disclosure of evidence to opposing counsel is an advocacy function") (citation omitted); *Peay v. Ajello*, 470 F.3d 65, 66-68 (2d Cir. 2006) (conferring absolute immunity on prosecutor who allegedly conspired to present false evidence at trial); *Dory*, 25 F.3d  at 83 (prosecutor entitled to absolute immunity for all conduct "associated with his function as an advocate" including his involvement in a conspiracy to convict plaintiff using false testimony).  Collin has alleged no conduct by Attorney Zentner that falls outside the scope of prosecutorial immunity as defined by federal law.  Thus, Attorney Zentner is immune from suit.  The claims against defendant Zentner are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**V.     Public Defenders or Retained Counsel Not State Actors**

Collin names Attorney Kestenband as a defendant, but does not mention or refer to him in the body of the complaint.  Collin claims that Attorney Paetzold failed to present exculpatory evidence to Assistant State's Attorney Zentner.

Neither a public defender appointed by the court nor a private attorney retained to represent a client in a criminal or habeas matter is considered a state actor for purposes of section 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 102  (1981) (public defenders do not act under color of state law); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not

6

a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney retained by defendant was not a state actor). It is unclear whether a judge appointed Attorney Paetzold and/or Attorney Kestenband to represent Collin in his state criminal case or whether Collin retained either or both attorneys. Collin generally claims that his attorneys were ineffective and that Attorney Paetzold failed to offer exculpatory evidence to the prosecutor. Because neither a privately retained attorney nor a court-appointed attorney is considered to be a state actor, all claims against defendants Paetzold and Kestenband are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

The court notes that if a private attorney conspires with a state official to deprive another of a constitutional right, the private attorney is deemed to have acted under color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). To state a claim for conspiracy under section 1983, a plaintiff must allege facts showing an agreement between two or more state actors to act in concert to inflict an unconstitutional injury on the plaintiff and an overt act done in furtherance of the conspiracy that causes damages. *See Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) (citations, internal quotation marks, and internal alterations omitted)).

Collin has asserted no facts from which the court could infer the existence of a conspiracy involving defendants Paetzold and Kestenband and other state officials with regard to their representation of Collin in his criminal trial. Thus, Collin fails to state a claim of conspiracy and all allegations against defendants Paetzold and Kestenband related to their involvement in Collin's criminal cases are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[3]

## VI. Challenge to Validity of Conviction

Collin claims that a jury convicted him as a result of ineffective assistance of counsel, prosecutorial misconduct and judicial misconduct. *See* Compl. at 6 (doc. # 1). A litigant may not seek money damages for an alleged improper or illegal conviction until the conviction has been overturned or invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [T]o recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.* at 486-87. There are no facts to suggest that Collin's criminal conviction has been overturned or invalidated. Thus, he may not seek damages for his allegedly unlawful conviction based on ineffective assistance of counsel, prosecutorial misconduct, or judicial misconduct. Those claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

[3] The court will not construe the complaint as a diversity action raising claims of violations of state law because the plaintiff has provided no information suggesting that diversity of citizenship exists between himself and the defendants. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-- (1) citizens of different states; . . . .").

## VII. Conclusion

It is hereby ordered that:

**(1)** The claims against all defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2). The Motion for Appointment of Counsel [**Doc. No. 3**] is **DENIED** as moot. The court declines to exercise supplemental jurisdiction over any state law claims against the defendants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

(2) If Collin chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk is directed to enter judgment for the defendant and close this case.

SO ORDERED at Bridgeport, Connecticut this 26th day of October 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge